UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

HAAKAYOO ZOGGYIE, )
    Plaintiff, )
)
v. ) No. 3:08-CV-126
) (Phillips)
EAST TENNESSEE STATE UNIVERSITY )
And TENNESSEE BOARD OF REGENTS )
    Defendants. )

## MEMORANDUM OPINION

Plaintiff, Haakayoo Zoggyie, has brought this action pursuant to 42 U.S.C. § 1983 and state law, for the alleged violation of his civil rights which occurred when his employment was terminated by defendant East Tennessee State University (ETSU). Defendants move the court to dismiss plaintiff's complaint because it is barred by the applicable statute of limitations and the Eleventh Amendment. For the reasons which follow, the defendants' motion will be granted, and this action will be dismissed.

### Factual Background

The facts, as taken from plaintiff's complaint are as follows: On April 1, 2004, ETSU President Paul Stanton recommended approval of Zoggyie's application for tenure to the Chancellor and the Tennessee Board of Regents (TBR) for their consideration. Zoggyie received correspondence from the ETSU President, dated on or about June 11,

1

2004, informing him that his application for tenure had been approved by the Chancellor and TBR effective August 15, 2004.

Sometime in March 2005, "ETSU filed a petition to classify Zoggyie as a beneficiary under Section 203(b)(1)(2) Outstanding Professor or Researcher of the Immigration and National Act." On approximately June 14, 2005, the Department of Homeland Security requested evidence from ETSU to support its petition. According to the complaint, ETSU did not provide sufficient documentation and the petition was denied on or about August 30, 2005. In February 2006, Zoggyie was "very vocal in a Black Faculty meeting" with ETSU's President "regarding the lack of effort by the university to support its claim of an interest in diversity by opening and fully funding an office dedicated exclusively to immigration matters on behalf of its foreign staff and faculty."

On or about April 21, 2006, ETSU terminated Zoggyie's employment citing his immigration status as the cause for termination "when it was defendant's conduct or omissions that caused the resulting change in immigration status." According to the complaint, Zoggyie was not given a hearing or review pursuant to ETSU tenured faculty policies and procedures. Further, "Plaintiff cited the tenured faculty policy and procedure manual in his appeal for his position to defendant to no avail." Zoggyie asserts he was given verbal assurance by John Sanders, Human Resources Director, that "he would be able to be reinstated as soon as his immigration status changed."

On April 16, 2007, Zoggyie successfully appealed his immigration status and received authorization to work. ETSU advised Zoggyie that he would not be reinstated to his previous position, but he could reapply if any open positions became available. Zoggyie filed his complaint on April 9, 2008.

## **Standard of Review**

Under Federal Rule of Civil Procedure 12(b)(1), plaintiff has the burden to establish that this court has jurisdiction over his claims. *Rogers v. Stratton Industries,* 798 F.2d 913, 915 (6th Cir. 1986). A motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, requires the court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 475 (6th Cir.) *cert. denied,* 498 U.S. 867 (1990). The court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

3

## Analysis

First, defendants assert that plaintiff's § 1983 claims are barred by the applicable statute of limitations. The duration of the statute of limitations for § 1983 actions is governed by state law; however, federal standards govern when the statute begins to run. *Sharpe v. Cureton,* 319 F.3d 259, 266 (6th Cir. 2003). Tennessee law provides for a one-year statute of limitations for § 1983 actions. *Id, citing* Tenn. Code Ann. § 28-3-104(a)(3); *Berndt v. Tennessee,* 796 F.2d 879, 883 (6th Cir. 1986). Thus, plaintiff must bring his § 1983 claim against the defendants within one year of the accrual of that action.

Zoggyie alleges that his employment was terminated on or about April 21, 2006. However, his complaint was not filed until April 9, 2008, almost two years later. Zoggyie seems to suggest that the limitations period should not begin to run until he requested reinstatement a year after his termination. However, Zoggyie has cited to no authority supporting his position. Therefore, the court finds that Zoggyie's cause of action accrued when his tenured employment was terminated on April 21, 2006, and his complaint filed on April 9, 2008 is untimely. Accordingly, the court finds that Zoggyie's § 1983 claims are barred.

Next, defendants assert that Zoggyie's claim under Tenn. Code Ann. § 49-8-302 is barred by sovereign immunity and the Eleventh Amendment. The State of Tennessee has not consented to be sued in federal courts under Tenn. Code Ann. § 49-8-302. Although Tenn. Code Ann. § 49-8-304 gives state courts jurisdiction over tenured

4

employee termination claims against the state, a state's waiver of sovereign immunity in its own courts is not a waiver of the Eleventh Amendment immunity in federal courts. *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 306 (1990); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 n.9 (1984).

The Tennessee Constitution provides that "suits may be brought against the state in such a manner and in such courts as the Legislature may direct." Art. I, Section 17. The provision has been recognized by the Sixth Circuit as a grant of sovereign immunity. *See Woolsey v. Hunt,* 932 F.2d 555, 564 (6th Cir. 1991). Therefore, no suit against the state may be sustained absent express authorization from the Tennessee legislature. The Eleventh Amendment provides as follows:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI. The Eleventh Amendment not only prohibits suits brought against states in federal court by citizens of other states, but also prohibits suits, such as the one here, brought against a state in federal court by its own citizens. *See Hans v. Louisiana*, 134 U.S. 1, 15-16 (1890); *Coger v. Board of Regents,* 154 F.3d 296, 300 (6th Cir. 1998). The protection is not absolute, however, in that it may be abrogated by Congress. *Seminole Tribe v. Florida,* 517 U.S. 44, 59 (1996). To properly abrogate the states' sovereign immunity, Congress (1) must unequivocally express an intent to abrogate the Eleventh Amendment immunity, and (2) must act pursuant to a valid exercise of power.

5

*Id.* at 55. Neither exception applies to Zoggyie's claims, and in his response, Zoggyie does not dispute that his state law claims should be dismissed for lack of jurisdiction.

## Conclusion

For the reasons stated above, the court finds that Zoggyie's § 1983 claims are barred by the applicable statute of limitations. Because this court lacks jurisdiction to adjudicate Zoggyie's state law claims, defendants' motion to dismiss [Doc. 7] is **GRANTED,** whereby this action is hereby **DISMISSED without prejudice** to refiling of the state claims in an appropriate state court.

**ENTER:**

    s/ Thomas W. Phillips
United States District Judge